Filed 4/10/14  P. v. Roddy CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D064381 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. Nos. SCD246845, SCD246497) |
| RICHARD PAUL RODDY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Robert F. O'Neill, Judge.  Affirmed as modified.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Karl T. Terp, Deputy Attorneys General, for Plaintiff and Respondent.

This appeal is from a judgment entered in two cases.  In case SCD246497, Richard Paul Roddy entered a guilty plea to one count of possession of a controlled substance

(Health & Saf. Code, § 1350, subd. (a)) and was granted probation on March 11, 2013. On March 15, 2013, a new felony complaint was filed in case SCD246845 arising from an alleged sale of a controlled substance on March 12, 2013.

At his arraignment on the new complaint Roddy requested to represent himself and signed a waiver of constitutional rights consistent with *Faretta v. California* (1975) 422 U.S. 806 (*Faretta*)). The validity of that waiver is not challenged on this appeal. Roddy represented himself at the preliminary hearing and again at the trial on the information. Following the jury trial, Roddy was convicted of sale of cocaine (Health & Saf. Code, § 11352, subd. (a)). Thereafter Roddy admitted the allegation that he had a prior conviction within the meaning of Health and Safety Code section 11370.2, and five prison priors within the meaning of Penal Code[1] section 667.5, subdivision (b).

The court revoked probation in case SCD246497. Roddy was sentenced to a combined term of 12 years eight months in prison.

Roddy appeals contending the trial court erred in not fully advising him of his *Faretta* right again at the time of his arraignment on the information. He further argues that the original waiver he signed did not accurately state the maximum penalty he faced, i.e., the form indicated the maximum for the offense was eight years, however, with the five prison priors the actual maximum was 13 years. Roddy contends his conviction

---

1       All further statutory references are to the Penal Code unless otherwise specified.

2

must be set aside as the alleged error is per se reversible.  We will reject Roddy's contentions and affirm.[2]

## STATEMENT OF FACTS

Roddy does not challenge either the admissibility or the sufficiency of the evidence supporting his conviction.  Accordingly, we will only briefly summarize the facts.

On March 12, 2013, San Diego Police Officer Marlow Woods was working undercover in the East Village area of the city of San Diego.  Woods approached Roddy and asked if he could help him purchase $20 worth of rock cocaine.  Roddy used the officer's phone to contact another person, who Roddy said was willing to sell $40 worth of rock cocaine.

Shortly after the call codefendant Laronda Dunlap appeared.  The officer gave Roddy two prerecorded $20 bills.  He then observed Roddy give the money to Dunlap, who then gave Roddy an item.  Roddy then returned and gave the officer a small bindle, which was determined to contain a useable amount of rock cocaine.

## DISCUSSION

When Roddy was arraigned on the felony complaint in case SCD246845, he requested to represent himself.  Roddy completed a waiver form and also orally waived his right to the assistance of counsel.  In the form Roddy advised he had represented

---

2    Roddy contends, and the People concede, that he is entitled to an additional day of custody credit.  We will order the sentence modified to reflect one additional day of custody credit.

himself in three prior cases in 1993, 1998 and 1999.  He unequivocally expressed the desire for self-representation, a position from which he never retreated throughout the proceedings, which followed for the rest of the case.  The complaint included the alleged five prison priors, which were later included in the information filed following the preliminary hearing.

When Roddy was arraigned on the information the trial court asked Roddy if he wished to remain in pro per.  Roddy answered, "Yes."  The court continued:

> "And you remember you were advised at some point of your constitutional rights; is that true?
>
> "Roddy:  Yes
>
> [¶] . . . [¶]
>
> "Court:  Okay, so on behalf of both defendants, not guilty pleas were entered, denial of all allegations were as well.  We'll show Ms. Wilson as continued attorney of record for Ms. Dunlap.  We'll show Mr. Roddy continued in pro per.  I'll note acknowledgement of constitutional rights forms are in the file."

Roddy contends the trial court had a duty under section 987, subdivision (a)[3] to take a full and complete waiver of the right to counsel at the arraignment on the information, even though such waiver had already been taken on the same charges and allegations at arraignment on the complaint.  We will assume, for the sake of argument, the trial court's colloquy at arraignment on the information was not in full compliance

---

3      Section 987, subdivision (a) provides:  "In a noncapital case, if the defendant appears for arraignment without counsel, he or she shall be informed by the court that it is his or her right to have counsel before being arraigned, and shall be asked if he or she desires the assistance of counsel.  If he or she desires and is unable to employ counsel the court shall assign counsel to defend him or her."

4

with section 987, subdivision (a).  As we will discuss, however, such readvisement was not required under the federal Constitution as interpreted by *Faretta*.  To the extent some further advisement was required by statute, we are satisfied the error was harmless under any standard of review.

Federal authority establishes that once the defendant has made a valid waiver of the right to counsel, that waiver remains in effect throughout the criminal proceedings that follow.  (*Arnold v. U.S.* (9th Cir. 1969) 414 F.2d 1056, 1059; *U.S. v. Springer* (9th Cir. 1995) 51 F.3d 861, 864-865.)  Thus, in the application of *Faretta*, Roddy's valid waiver of the right to counsel at the arraignment on the complaint continued throughout the remaining proceedings.  Accordingly, there is no basis in this record for a claimed violation of Roddy's Sixth Amendment rights.

In *People v. Crayton* (2002) 28 Cal.4th 346 (*Crayton*) the California Supreme Court analyzed the differences between the federal rule and the statutory requirements of section 987, subdivision (a).  The court noted that the statute was passed at the time there were two levels of trial courts in California, the municipal court and the superior court.  Consistent with the idea that the case changed courts when there was a bindover after a preliminary hearing, the statute required the superior court to address the appointment of counsel and presumably take a new waiver of the right to counsel.  In *Crayton*, the People conceded that the trial court erred, under the statute, by not taking a second waiver.  The court, observed that since the enactment of the statute, the California trial courts have been unified and that often the superior court judge, who acts as a magistrate on the

felony complaint, may be the trial judge on the information. (*Crayton, supra*, at pp. 360-361.)

After analyzing the requirements of section 987, subdivision (a), the court determined that any error in the process of *readvising* a defendant of the right to counsel, where there was an earlier valid waiver of those rights is subject to the harmless error analysis of *People v. Watson* (1956) 46 Cal.2d 818, 836. (*Crayton, supra*, 28 Cal.4th at pp. 363-366.) We will turn next to the issue of harmless error.

Roddy contends that the error at arraignment on the information cannot be deemed harmless on this record. We disagree. Roddy argues that there was an error in the original waiver form because the form indicated the maximum term for the offense was eight years, when actually the total exposure was 13 years, after taking into account the alleged prison priors. Thus he contends we cannot tell if Roddy really wanted to represent himself regardless of the consequences. We think this record makes it very clear that Roddy never wavered from his desire to be his own attorney in this case.

First, his original waiver was very clear. In addition to touting his skills in three prior cases, he said he does not trust lawyers.

Further, at least twice during subsequent hearings the trial court cautioned Roddy about the precise term he was facing if convicted. Roddy continued to represent himself. Indeed there is nothing in the record to indicate he ever wished for the advice of an attorney.

In *People v. Harbolt* (1988) 206 Cal.App.3d 140, 150, this court expressed the view that a valid waiver of the right to counsel did not require advisement of the maximum penal consequences facing the defendant.

In *People v. Conners* (2008) 168 Cal.App.4th 443, the Second District Court of Appeal agreed with the reasoning in *People v. Harbolt, supra,* 206 Cal.App.3d 140, and disagreed with a contrary opinion in *People v. Noriega* (1997) 59 Cal.App.4th 311, 319. The court in *Conners* concluded that the overriding principle in analyzing a *Faretta* waiver is whether there was a valid waiver viewing the record as a whole. (*Conners, supra,* at p. 455.)

The court in *People v. Burgener* (2009) 46 Cal.4th 231, 241, stated " '[a]s long as the record as a whole shows that the defendant understood the dangers of self-representation, no particular form of warning is required.' [Citations.] [¶] On appeal, we independently examine the entire record to determine whether the defendant knowingly and intelligently waived the right to counsel." (See also *People v. Koontz* (2002) 27 Cal.4th 1041, 1070.)

Applying the appropriate standard of review, we are satisfied Roddy was determined to represent himself and that any error in failing to fully readvise him of the same rights was harmless.

### DISPOSITION

The sentence is modified to reflect one additional day of custody credit for Roddy. The superior court is directed to prepare an amended abstract of judgment reflecting the

7

change and to forward the amended abstract to the Department of Corrections and Rehabilitation.  In all other respects the judgment is affirmed.


                                              HUFFMAN, Acting P. J.

WE CONCUR:


    McDONALD, J.


    O'ROURKE, J.